FILED-SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
DEC - 1 2015
CENTRAL DISTRICT OF CALIFORNIA
BY: DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELFINO VEGA RODRIGUEZ, <br> Plaintiff, <br> v. <br> CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br> Defendant. | Case No. ED CV 15-0340 JCG <br><br> **MEMORANDUM OPINION AND ORDER** |

Delfino Vega Rodriguez ("Plaintiff") challenges the Social Security Commissioner ("Commissioner")'s decision denying his application for disability benefits. Plaintiff contends that the Administrative Law Judge ("ALJ") erred at step two by finding that Plaintiff's impairments in his lower extremities were not severe. (*See* Joint Stipulation ("Joint Stip.") at 4-11, 15-16; Administrative Record ("AR") at 21.) For the reasons discussed below, the Court finds that reversal is not warranted.

As a general matter, step two serves as a "'*de minimis* screening device to dispose of groundless claims.'" *Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)).

1

To that end, preliminarily, step two requires that a claimant prove the existence of physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings." *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005); 20 C.F.R. §§ 404.1508, 404.1527. Importantly, "[a] claimant's statements about his or her symptoms alone will not suffice." *Gonzalez v. Colvin*, 2014 WL 3871198, at *5 (E.D. Wash. Aug. 7, 2014); *accord Ukolov*, 420 F.3d at 1005; 20 C.F.R. §§ 404.1508, 404.1527; SSR 96-4p, 1996 WL 374187, at *1 (1996).

Additionally, an impairment is "not severe" at step two when the "medical evidence establishes only a slight abnormality" that "would have no more than a minimal effect on an individual's ability to work." SSR 85-28, 1985 WL 56856, at *3 (1985).

Here, the ALJ properly assessed Plaintiff's impairments at step two for two reasons.

First, there was a lack of medical evidence to support Plaintiff's claim that the alleged impairments affected his daily life.[1] For example, the ALJ noted that Plaintiff (1) infrequently visited the doctor,[2] (2) was prescribed conservative medication treatments for his knee pain, (3) required no emergency care, and (4) received neither more aggressive treatment nor referral to a specialist. (*See* AR at 23, 33-35, 285, 340); *see also Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding

---

[1] The ALJ found that Plaintiff's testimony about his symptoms was less than credible, partly because Plaintiff's testimony was often inaccurate and self-contradicting. (*See* AR at 21-23.) For instance, Plaintiff claimed that he had taken diabetes medication since 2004, but testified that he was only diagnosed with diabetes in 2007. (*See id.* at 21, 33-34.)

[2] In fact, in a period of over twelve months, Plaintiff underwent only one examination by a physician for his foot condition. (*See* AR at 22, 326.) And while Plaintiff indicated that he was seeking medical care in Mexico every two weeks, he provided no treating notes from a physician in Mexico. (*See id.* at 21-22, 35, 337.)

severity of an impairment.") (citation omitted); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (finding lack of consistent medical treatment "powerful evidence" that claimant's claims of severe pain were not credible); *O'Brien v. Comm'r Soc. Sec. Admin.*, 2014 WL 6432830, at *4-5 (D. Or. Nov. 13, 2014) (alleged severity of leg and back pain symptoms not credible where claimant failed to seek treatment, made inconsistent statements, and lacked corroborating objective medical evidence); *Harper v. Comm'r Soc. Sec. Admin.*, 2012 WL 1131461, at *8 (E.D. Cal. Mar. 30, 2012) (ALJ properly rejected claimant's testimony regarding alleged pain in part because no emergency care was sought); *Troglia v. Astrue*, 2009 WL 3783191, at *6 (E.D. Wash. Nov. 9, 2009) (ALJ properly discredited claimant's symptoms in part because claimant received no referral to, or evaluation by, specialist).

Second, no medical opinions before the ALJ concluded that Plaintiff had debilitating functional limitations that affected his ability to perform basic work activities.[3] (*See* AR at 23, 43, 51, 208-09); *see also Townsend v. Colvin*, 2015 WL 6673677, at *3 (C.D. Cal. Oct. 30, 2015) (impairment properly found not severe in part because there were "no medical source statements in the record that support[ed] [claimant's] allegations as to the effect of her [lower-extremity impairment] on her ability to do basic work activities.").

/ / /
/ / /
/ / /
/ / /
/ / /

---

[3] Indeed, the ALJ relied on two medical consultants and both, in sum, concluded that Plaintiff's purported impairments *lacked* objective, evidentiary support. (*See* AR at 23, 42-44, 49-52.)

3

1  Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered
2  **AFFIRMING** the decision of the Commissioner denying benefits.

4  DATED: 12-1-2015

/s/ Jay C. Gandhi
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*